13-1608
Maciejowski v. Holder

BIA
Straus, IJ
A099 158 685

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of May, two thousand fourteen.

PRESENT:  JON O. NEWMAN,
          DENNIS JACOBS,
          JOSÉ A. CABRANES.
               *Circuit Judges.*
_____

EDWARD MACIEJOWSKI,
          *Petitioner,*

          v.                          13-1608

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
          *Respondent.*
_____

FOR PETITIONER:          Glenn T. Terk, Wethersfield,
                         Connecticut.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney
                         General; Holly M. Smith, Senior
                         Litigation Counsel; Edward C. Durant,
                         Attorney, Office of Immigration
                         Litigation, U.S. Department of Justice,
                         Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Edward Maciejowski, a native and citizen of Poland, seeks review of an April 5, 2013, decision of the BIA affirming the June 14, 2011, decision of Immigration Judge ("IJ") Michael W. Straus, denying as a matter of discretion his application to adjust status. *In re Edward Maciejowski,* No. A099 158 685 (B.I.A. Apr. 5, 2013), *aff'g* No. A099 158 685 (Immig. Ct. Hartford June 14, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotation marks and citation omitted). Pursuant to 8 U.S.C. § 1252(a)(2)(B), we lack jurisdiction to review the agency's exercise of discretion to deny Maciejowksi's application to adjust status. *See Guyadin v. Gonzales*, 449 F.3d 465, 468-69 (2d Cir. 2006). We do retain jurisdiction to review de novo "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). However, "we lack jurisdiction to review any legal argument that is so insubstantial and frivolous as to be inadequate to invoke federal-question jurisdiction." *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008).

2

Maciejowski's arguments are not colorable. First, contrary to his main contention, the IJ and BIA did not rely solely on the U.S. Citizenship and Immigration Services' determination that he married to obtain immigration benefits: the IJ afforded Maciejowski the opportunity to supplement the record with evidence relevant to the bona fide nature of his marriage. Second, probative record evidence supports the IJ's and BIA's finding that his marriage was fraudulent and entered into for the purpose of obtaining immigration benefits.

Since Maciejowski fails to raise a colorable constitutional claim or question of law, we are without jurisdiction to review the agency's discretionary denial of relief. *See* 8 U.S.C. § 1252(a)(2)(B); *see also Guyadin*, 449 F.3d at 468-69; *Barco-Sandoval*, 516 F.3d at 40.

For the foregoing reasons, the petition for review is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk